IRVING, J., for the Court.
 

 ¶ 1. Clarris Turner filed a motion requesting post-conviction relief from his conviction for sale of cocaine pursuant to a guilty plea. The Lowndes County Circuit Court denied the petition without an evi-dentiary hearing. Aggrieved, Turner appeals pro se and asserts that the court erred in failing to grant the motion because he believed that his sentence would run concurrent to another sentence that he was serving and that the court erred in accepting his guilty plea because there was an inadequate factual basis for the plea.
 

 ¶ 2. Finding no error, we affirm.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 1. Concurrent Sentence
 

 ¶ 3. Turner first alleges that his sentence was supposed to run concurrently to a sentence that he was serving when he entered his guilty plea. In his brief, Turner contends that his counsel told him prior to the entry of his guilty plea “that any sentence received would be served concurrently and would mean that petitioner would be serving only the sentence imposed on the date of the plea.” The record completely belies Turner’s allegations.
 

 ¶ 4. To illustrate, we quote from the transcript of Turner’s plea qualification hearing:
 

 Q. Have you talked to your lawyer about the facts surrounding this charge?
 

 A. I asked could she run it concurrent with the time that I’m doing already.
 

 Q. I’m sorry. I didn’t hear you.
 

 A. I said I asked her could she run it concurrent with the time that I’m doing already?
 

 Q. She probably told you that I can’t run time concurrent with something that you’re already serving.
 
 I bet she explained that to you, did,n’t she?
 

 A.
 
 Yes, sir.
 

 * * ⅜ * * *
 

 
 *113
 
 Q. I can’t go back in time and order something to be ran currently with something you’re already serving. I’m sure she explained that to you, right?
 

 A. Yeah.
 

 (Emphasis added). As can be seen from the above colloquy, Turner was informed by the court that his sentence would not, and could not, ran concurrently with the sentence that he was already serving. Furthermore, Turner admitted under oath that his attorney had also informed him that his new sentence would not run concurrently to his former sentence. After being informed that his sentence could not run concurrently to his current sentence, Turner voluntarily pleaded guilty. This issue is entirely without merit.
 

 2. Factual Basis for Plea
 

 ¶ 5. Turner contends that the factual basis for his guilty plea was insufficient. He complains that he was charged with and convicted of sale of cocaine but that the facts showed only that he was an accessory to the sale of cocaine. We note that, even if the facts showed only that Turner was an accessory before the fact to the sale of cocaine, that would be sufficient to sustain his conviction as a principal to the sale of the cocaine. Miss.Code Ann. § 97-1-3 (Rev.2006).
 

 ¶ 6. The following facts were given by the State as a factual basis during Turner’s plea colloquy:
 

 Your Honor, we would show that on March 8th of 2004, about 8:45 p.m., officers were working with an undercover individual. That individual was wired with video equipment. Then drove to the area of 1900 Block of 7th Avenue North here in Columbus. At which time, they encountered this defendant who wind up [sic] purchasing a small amount of crack cocaine. It was $20 in exchange.
 

 What was given in return was sent to the crime lab. It weighed .17 [gram] and it was cocaine. It was all on video.
 

 When asked afterward whether the State’s account of events was accurate, Turner responded in the affirmative. Although the prosecutor did not articulate the facts very well, it was clear from his statements that Turner was the seller rather than the purchaser of the cocaine. Prior to the State’s account of events, the following exchange occurred between the court and Turner:
 

 [TURNER]: I plead guilty.
 

 [TURNER’S ATTORNEY]: Did you sell cocaine is the question or did you take money for the sale of cocaine?
 

 [TURNER]: I took the money from an informant.
 

 [THE COURT]: Okay. And brought back cocaine from somebody else?
 

 [TURNER]: Sir?
 

 [THE COURT]: Brought back—
 

 [TURNER’S ATTORNEY]: Two people.
 

 [THE COURT]: Okay. It was, like, an accessory to a sale?
 

 [TURNER’S ATTORNEY]: Yes.
 

 [THE COURT]: Do you want to plead guilty to this charge?
 

 [TURNER]: Yes, sir.
 

 Finally, Turner’s petition to plead guilty stated, as a factual basis for the plea, “I sold cocaine.”
 

 ¶ 7. We find that the court did not err in finding that there was a factual basis for Turner’s guilty plea. Turner’s involvement was explained in the colloquy between him, his attorney, and the court, as well as in the State’s factual account of the events. Furthermore, Turner candidly admitted in his petition to plead guilty that
 
 *114
 
 he sold cocaine. This contention of error is also without merit.
 

 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.